AYRES, Jvidge.
The object of this action was an accounting between plaintiffs and defendant and a partition of the assets of the community estate formerly existing between defendant and Mrs. Effie W. Birdwell, deceased, plaintiffs’ father and mother. No opposition is made to the contention that by a subsequent marriage defendant forfeited his right as usufructuary over the interest in the community estate inherited by plaintiffs from their mother. In a reconven-tional demand, defendant sought to have recognized, and to be credited with the amount of, certain debts in the form of alleged loans made by him to plaintiffs.
Pursuant to a ruling sustaining a plea directed to an alleged improper accumulation of actions, plaintiffs were required to proceed upon their demands for an accounting before seeking a partition of the property. Accordingly, the issues presented to the court below, and as presented on this appeal, are limited to an accounting by the defendant and to defendant’s re-conventional demands.
After trial there was judgment in favor of plaintiffs against the defendant for $300.00. All other demands, as well as defendant’s reconventional demands, were rejected. From this judgment, plaintiffs prosecute a devolutive appeal. Defendant, in answer to the appeal, prays for judgment on his reconventional demands.
Plaintiffs-appellants contend that the court erred in the following respects: (1) in sustaining a plea of improper cu-mulation of actions; (2) in modifying a subpoena duces tecum so as to relieve defendant from producing copies of his income tax returns, as well as certain financial records pertaining to oil and gas royalties ; and (3) in disregarding the evidence and stipulations concerning certain of the assets of the community estate.
We find no abuse of discretion of the trial court in separating, for trial purposes, plaintiffs’ demands for an accounting from those relative to a partition of the estate. While it must be conceded there was no improper cumulation of actions as such actions are defined and regulated by • LSA-C.C.P. Art. 461 et seq., and, moreover, that while such cumulation is usually preferred to avoid a multiplicity of actions, separate trials are, however, authorized and may be ordered by the trial court, even where cumulation is proper. For instance, LSA-C.C.P. Art. 465 provides :
“When the court is of the opinion that it would simplify the proceedings, would permit a more orderly disposition of the case, or would otherwise be in the interest of justice, at any time prior to trial, it may order a separate trial of cumulated actions, even if the cumulation is proper”
Nor do we find any merit in the second of the aforesaid contentions which has reference to the modification of the subpoena duces tecum. This contention was made with respect to the action of the court relieving defendant of the necessity of producing records appertaining to oil and gas royalties allegedly received by him. The records sought to be produced included copies of defendant’s income tax returns as well as statements of his bank accounts. The production of these documents would have served no useful purpose inasmuch as, by the execution of appropriate division orders, plaintiffs have received from the operators the oil and gas royalties to which they are entitled.
The third specification of error concerns certain of the items upon which an accounting was sought. These require only a brief discussion.
No suggestion of error has been made with reference to' the allowance of the $300.00 representing plaintiffs’ mother’s interest in a sum of $600.00 in currency which was in her possession at the time of or shortly before her death.
*807 The community . owned a Mercury automobile valued at $2,000.00. This car was admittedly sold by the defendant. Plaintiffs are entitled to one-half of this sum as a portion of their inheritance from their mother’s estate.
Mrs. Birdwell, at the time of her death, owned a diamond ring- having an estimated value of $3,000.00. This ring was, pursuant to Mrs. Birdwell’s wishes, delivered to a granddaughter, and it was shown to be in her possession. Defendant has, therefore, in our opinion, satisfactorily accounted for this item and is under no obligation to plaintiffs with respect thereto.
An additional item of $9,208.50 was allegedly received by defendant from a settlement or liquidation of the Barksdale Barber Shop in which he had an interest. The affairs of the shop, however, were not shown to have been liquidated; nor had defendant’s interest been determined. Defendant conceded, however, that plaintiffs will own one-half of whatever interest may be finally recovered. Under these circumstances, plaintiffs’ rights to assert such interest as they have in this prospective fund should be reserved.
The bank account, household goods, and real estate, with reference to which plaintiffs seek an accounting, were shown to be intact. Such showing is sufficient and defendant owes no further accounting. Plaintiffs simply own their share or interest in these funds and properties.
Plaintiffs further sought an accounting of the proceeds, alleged to have been $4,296.00, as the sale price of a house and lot on Carrie Street in the City of Shreveport. The record discloses that plaintiffs sold this property to the Department of Highways; hence there is no basis for a claim against defendant.
Defendant’s reconventional demands are based upon alleged loans of money made to his children at "various unspecified times. That defendant gave his children money on many occasions is established beyond question. However, no nota-' tions were made as to the money given or notes executed evidencing loans. In fact, defendant testified that when his children needed money he just “wrote them out a check”; that he did not 'loan it. Portions of the funds involved were expended for the children’s education. Moreover, the evidence does not establish to any degree of exactitude the amounts which defendant now claims plaintiffs owe him. The disallowance of these claims was proper.
Therefore, for the reasons assigned, the judgment appealed is amended so as to in7 crease the award in plaintiffs’ favor to the sum of $1,300.00 and to reserve' to them their interest in an accounting for whatever proceeds may be realized in a settle-: ment or liquidation of the Barksdale.Barber. Shop; and, as thus amended, the judgment appealed is affirmed at -defendant-appellee’s cost.
Amended and affirmed.